*1241 OPINION.
Sea well:
The record shows the petitioners purchased certain shares of corporate stock shortly prior to the declaration of a dividend, which dividend they expected to be declared and which influenced them in the price which they paid for the stock, and that the Commissioner included in the taxable income of the petitioners for the year 1926 the full amount of the dividends received by them during that year. Did the Commissioner err in his action as indicated, is the question for our determination.
In the circumstances of the case as detailed in our findings of fact, the petitioners insist that the dividend or dividends declared- and received by them in 1926 should not be treated as income, but as merely a return of capital, because they had paid far in excess of the market price of the stock at the time the purchase was made.
The question, however, is purely one of law and has heretofore been decided by us and, as we think, properly, against the contention of the petitioners and there is therefore no necessity for a further discussion of the subject. In Edward H. Moore, 22 B. T. A. 366, a similar question was presented for our determination and we there (p. 368) stated:
Undoubtedly tlie price paid for the stock was based upon the known or anticipated amount of earnings available or soon to be available for the payment of dividends, but this by no means establishes the contention of the petitioner. On this issue the determination of the respondent is affirmed. Julius S. Rippel, 12 B. T. A. 438.
The only case cited by the petitioners in support of their contention is C. H. White, 15 B. T. A. 1375, which is so obviously distinguishable from the instant case, both on the issues and the facts involved, that a discussion thereof is unnecessary.

Judgment will be entered for the respondent.